## In the matter of the Voluntary Assignment of the Calumet State Bank to Melville C. Eames, assignee, Appellant, v. Kate Becker, Appellee.

## Gen. No. 17,486.

APPEALS AND ERRORS—*when order of county court interlocutory.* If the assets of an estate are under the control of the county court, the orders made therein from time to time are merely interlocutory and subject to adjustment by the entry of the final order, and the assignee is not entitled to appeal from an order of such court setting aside a previous order directing a distribution of assets.

Appeal from the County Court of Cook county; the HON. LEWIS RINAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Dismissed. Opinion filed May 21, 1912. Rehearing denied June 4, 1912.

CHARLES C. ARNOLD and JOSEPH P. EAMES, for appellant.

JOSEPH F. GROSSMAN and CHARLES R. NAPIER, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellee seeks a dismissal of this appeal upon the ground that the order appealed from is not an appealable one.

It appears appellant, Melville C. Eames, was assignee of an estate pending in the County Court of Cook County, under the general insolvency laws of the State of Illinois. In the course of the administration of the estate, he procured the entry of an order on the 5th of December, 1902, which showed that he then had on hand as such assignee several thousand dollars, and declared a dividend in the estate, to creditors, of 17%, and allowed the assignee to retain $1,000 for his own services and to pay $3,000 to his attorneys. On the 17th of the same month, the County Court entered an order allowing Kate Becker to file her petition, alleging that on May 1, 1902, she became a tenant of a building belonging to the estate, under a lease from appellant as assignee, and that, owing to his negligence in failing to keep the building in repair, she was injured. Subsequently the County Court entered an order allowing her to bring suit against the assignee in the Circuit Court of Cook County for the injuries complained of. This suit resulted in a judgment for $2,000 in her favor on July 11, 1908. On the 29th of October, 1909, the County Court entered an order in the matter of the insolvent estate, allowing her claim for $2,139.15, being the amount of the judgment with costs.

Subsequently, upon leave given, she filed objections and exceptions to the petition filed by the assignee in December, 1902, which, on the 3rd of December, 1910, the court sustained, and entered an order vacating and setting aside the previous order of distribution entered on the 5th of December, 1902. The order further recited that sufficient funds of said estate came into the hands of assignee to pay all costs of administration

and all preferred claims allowed, including that of appellee, and also, that after notice to assignee of the existence of the claim of the said Kate Becker, and while sufficient estate funds were in his hands to pay all costs of administration, etc., said assignee procured the court to make the order of distribution of December 5, 1902, without notice to her, and thereafter, made such distribution, leaving her claim unpaid. The court thereupon decreed that the order of distribution of December 5, 1902, in so far as it affected the rights of Kate Becker in the matter of payment of her claim as allowed, be vacated and set aside, and that assignee pay out of the funds heretofore in his hands as assignee, the amount of appellee's claim. From this order appellant took an appeal to this court.

We think the motion to dismiss the appeal must be sustained. Appellant was an officer of the County Court. The assets of the estate were under the control of that court, and the orders made therein from time to time were merely interlocutory, and subject to adjustment upon the entry of the final order. This is not an appeal from an order directly affecting his compensation, nor refusing to allow items in his account as assignee. The claim of appellee for a judgment procured against appellant, as assignee, for the negligence in the administration of the estate, constituted an element of the costs of administration, and, as such, was a preferred claim, and entitled to payment before distribution of the assets of the estate to its general creditors. As assignee in the County Court proceedings, appellant had the entire title to the estate, and it was his duty to administer it under the direction of that court, and obey its orders with respect to the distribution of such assets as might come into his hands, as such assignee.

Appellant suggests that the judgment against him, entered in the Circuit Court, and subsequently allowed

in the County Court proceeding, was erroneous in that it a personal judgment, and awarded execution against him. It is sufficient to say that if the Circuit Court judgment was erroneous, he had his remedy by a direct appeal therefrom. In Clark, Assignee, v. Burke, et al., 62 Ill. App. 252, cited by appellant as an authority against allowing this motion, it appears that there was no showing that assignee had ever, in any way, received any sum from which the distributed amount directed by the court could be paid, and the case is, therefore, not in point.

The motion to dismiss the appeal must be allowed.

*Appeal dismissed.*